**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sylvia L. Cannon, | No. CV-07-0927-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Zurich North America, | |
| Defendant. | |

The court has before it defendant's motion to dismiss (doc. 4), plaintiff's response (doc. 7), defendant's reply (doc. 9), and plaintiff's sur-reply (doc. 10), which we ignore because LRCiv 7.2 does not allow responses to replies.

On February 22, 2005, plaintiff provided Schedule C of her 2003 income tax return to defendant Zurich American Insurance Company ("Zurich") for the purpose of evaluating her third-party insurance claim. On May 4, 2005, a Zurich employee sent correspondence to Larry and Linda Parker and Don Sallee at the Sallee-Leavitt Insurance Agency, disclosing plaintiff's tax information. Plaintiff filed this action for damages against Zurich, pursuant to 26 U.S.C. § 7431, asserting that Zurich improperly disclosed her confidential tax information.

26 U.S.C. § 7431 allows civil damages for the unauthorized inspection or disclosure of "return or return information" in violation of 26 U.S.C. § 6103. Section 6103 defines

1   "return" and "return information" as information filed with or furnished to the Internal

2   Revenue Service ("IRS"). <u>Id.</u> at § 6103(b)(1)-(2). Defendant moves to dismiss the

3   complaint, arguing that § 7431 applies only to tax information received by the IRS from the

4   taxpayer, and not information voluntarily provided to and subsequently disclosed by private

5   parties such as Zurich.

6        Section 6103 does not protect confidential tax information from every potential risk

7   of disclosure, but instead focuses on those disclosures "arising from the filing of the

8   taxpayer's return with the IRS." <u>Stokwitz v. United States</u>, 831 F.2d 893, 896 (9th Cir.

9   1987). The "overriding purpose [of section 6103] was to curtail loose disclosure practices

10   by the IRS." <u>Id.</u> at 894. "[T]here is no indication in either the language of section 6103 or

11   its legislative history that Congress intended to enact a general prohibition against public

12   disclosure of tax information." <u>Id.</u> at 896. Instead, "section 6103 applies only to information

13   filed with and disclosed by the IRS." <u>Id.</u> at 897.

14        This case does not involve a disclosure of confidential tax information arising from

15   the filing of a taxpayer's return with the IRS. Instead, plaintiff's Schedule C was obtained

16   by Zurich directly from the plaintiff, not from the IRS. Section 7431 was not intended to

17   protect against such a disclosure. Therefore, we grant defendant's motion to dismiss

18   plaintiff's claim based on 26 U.S.C. § 7431.

19        We also find unavailing plaintiff's post-complaint reliance on other statutes to support

20   her claim. <u>See</u> <u>Response</u> at 2-3, 5. The Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801, et

21   seq., does not provide for a private right of action. <u>See</u> 15 U.S.C. § 6805(a) ("This

22   subchapter and the regulations prescribed thereunder shall be enforced by the Federal

23   functional regulators, the State insurance authorities, and the Federal Trade Commission with

24   respect to the financial institutions and other persons subject to their jurisdiction . . . .");

25   <u>Rowland v. Prudential Fin., Inc.</u>, No. CV-04-2287, 2007 WL 1893630, at *6 (D. Ariz. July

26   2, 2007) ("The GLBA . . . does not provide for a private cause of action."). 26 U.S.C. § 7216

27   applies only to tax preparers, not to insurance companies such as Zurich, and 26 U.S.C. §

28

7213 is a criminal statute which does not provide for a private cause of action. Because plaintiff has failed to state a claim, we grant defendant's motion to dismiss.

   **IT IS ORDERED GRANTING** defendant's motion to dismiss (doc. 4). The clerk is directed to enter final judgment.

   DATED this 3rd day of October, 2007.


_Frederick J. Martone_

Frederick J. Martone
United States District Judge